UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

**Case Number: 25-25728-CIV-MORENO**

LUIS JIMENEZ,

        Plainitff,

vs.

S&S DOLPHIN MALL, LLC,

        Defendant.

_____/

## <u>ORDER DENYING PLAINTIFF'S MOTION TO REMAND TO STATE COURT AND ORDER DISMISSING DEFENDANT JOHN DOE WITH PREJUDICE</u>

In this slip and fall case, Plaintiff Luis Jimenez asserts claims of negligence against Defendant S&S Dolphin Mall, LLC and Defendant John Doe. Specifically, Plaintiff alleges that Defendants are liable for the injuries he suffered after he slipped and fell while using the public restroom on the premises. Plaintiff filed the underlying Complaint in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County. Defendant removed the Complaint to this Court, arguing that John Doe was fraudulently joined. Plaintiff thereafter filed a motion to remand to state court, arguing that this Court lacks diversity jurisdiction as Plaintiff and John Doe are both residents of Florida. Because the Court finds below that there is no possibility that Plaintiff prevails on his claim against John Doe, the Court denies Plaintiff's motion to remand, dismisses Defendant John Doe with prejudice, and asserts its removal diversity jurisdiction over the matter.

## FACTUAL BACKGROUND

Plaintiff alleges that on February 11, 2024, while on the premises of Sports & Social Dolphin Mall, he slipped and fell on a hazardous condition while using the public restroom consisting of liquid, broken glass, and spilled drinks that had accumulated on the men's restroom floor. Plaintiff further states that warning signs and cleaning equipment were brought to the restroom only after he fell. The manager, who Plaintiff refers to as John Doe, filled out an incident report and called for an ambulance and police. Plaintiff was then transported to Kendall Regional Hospital by fire rescue.

## PROCEDURAL HISTORY

Plaintiff filed suit against S&S Dolphin Mall, LLC alone on July 8, 2025, in Miami-Dade Circuit Court. The case was removed to federal court on September 2, 2025. Plaintiff voluntarily dismissed that action without prejudice on November 3, 2025. Thereafter, Plaintiff refiled the action in Miami-Dade Circuit Court on November 11, 2025, naming both S&S Dolphin Mall, LLC and John Doe, "a resident of Miami-Dade County" as defendants.

Within thirty days of service, S&S filed its Notice of Removal, arguing that diversity exists because Plaintiff is a Florida citizen, S&S is a Maryland citizen, and John Doe is fraudulently joined. Plaintiff then filed the underlying Motion to Remand, arguing that complete diversity does not exist because Plaintiff and John Doe are both Florida citizens and that John Doe is not fraudulently joined.

## LEGAL STANDARD

### A. Federal Jurisdiction

It is a fundamental constitutional tenet that federal courts are courts of limited jurisdiction. *Lawson v. City of Miami Beach*, 908 F. Supp. 2d 1285, 1292 (S.D. Fla. 2012). Federal courts only have subject-matter jurisdiction over a case when there is a question of federal law or there is

2

"diversity of citizenship" between the parties. *See* 28 U.S.C. § 1331, 1332. Because jurisdiction is limited, there is a presumption that a federal court lacks jurisdiction until it has been demonstrated that jurisdiction over the case exists. *United States v. Rojas*, 429 F.3d 1317, 1320 (11th Cir. 2005).

Where, as here, the non-removing party moves to remand, it is the removing party that bears the burden of showing the existence of federal jurisdiction. *See Pacheco de Perez v. AT&T Co.*, 139 F.3d 1368, 1373 (11th Cir. 1998) (citing *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996)). The Court must construe removal jurisdiction "narrowly and resolve any doubts regarding the existence of federal jurisdiction in favor of the non-removing party." *Id.*

### B. Fraudulent Joinder

Where a plaintiff names a non-diverse defendant solely to defeat federal diversity jurisdiction, the Court must ignore the presence of the non-diverse defendant and deny any motion to remand the matter to state court. *Stillwell v. Allstate Ins. Co.*, 663 F.3d 1329, 1332 (11th Cir. 2011) (quoting *Henderson v. Wash. Nat. Ins. Co.*, 454 F.3d 1278, 1281 (11th Cir. 2006)). In such a case, the plaintiff is said to have "fraudulently joined" the non-diverse defendant. *Id.*

To establish fraudulent joinder, the removing party must meet the "heavy" burden of proving by clear and convincing evidence that either: (1) there is no possibility the plaintiff can establish a cause of action against the non-diverse defendant; or (2) the plaintiff has fraudulently pled jurisdictional facts to bring the non-diverse defendant into state court. *Id.* (quoting *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997)).

Resolving a fraudulent joinder claim is akin to ruling on a motion for summary judgment: the Court must resolve all questions of fact in favor of the plaintiff. *Legg v. Wyeth*, 428 F.3d 1317, 1322–23 (11th Cir. 2005) (quoting *Crowe*, 113 F.3d at 1538; *Cabalceta v. Standard Fruit Co.*, 883 F.2d 1553, 1561 (11th Cir. 1989)). Before a fact can be resolved in the plaintiff's favor, though, a question of fact must be raised. *Id.* at 1323. To determine whether a non-diverse party was

3

fraudulently joined, the Court looks to the pleadings at the time of removal, and any supplemental affidavits and deposition transcripts submitted by the parties. *Id.* at 1322 (quoting *Pacheco de Perez*, 139 F.3d at 1380). The Court does not, however, weigh the merits of the plaintiff's claim "beyond determining whether it is an arguable one under state law." *Pacheco de Perez*, 139 F.3d at 1380–81 (quoting *Crowe*, 113 F.3d at 1538).

In short, if there is "even a possibility" that the state court would find a cause of action stated against any of the non-diverse defendants, the Court must find that the joinder was proper, and then remand the case to state court. *See Stillwell*, 663 F.3d at 1333 (describing standard as "a lax one").

## **DISCUSSION**

Plaintiff argues that the Court lacks diversity jurisdiction because there is not complete diversity. The Defendants counter that there is complete diversity because John Doe, who like Plaintiff is a Florida citizen, was fraudulently joined and thus his citizenship should be ignored when deciding whether there is diversity jurisdiction.

Against John Doe, the Complaint asserts a single claim for negligence under Florida law. To prevail on a negligence claim under Florida law, a plaintiff must prove: (1) the defendant owes a legal duty to the plaintiff; (2) the defendant breached that duty; (3) the defendant's breach legally caused injury to plaintiff; and (4) damages resulted from the injury. *See Janis v. Pratt & Whitney Canada, Inc.*, 370 F.Supp.2d 1226, 1229 (M.D. Fla. 2005) (citing *Sexton v. United States*, 132 F.Supp.2d 967, 974 (M.D. Fla. 2000); *Clampitt v. D.J. Spencer Sales*, 786 So. 2d 570, 573 (Fla. 2001)).

Under Florida law, corporate officers and employees can be held personally responsible for their own tortious conduct, even when acting within the scope of their employment. *Rossman*

4

*v. Moussally*, 55 So. 3d 1069, 1071 (Fla. 3d DCA 2011). However, an employee cannot be held liable "simply because of his general administrative responsibility for performance of some function of his employment." *White v. Wal-Mart Stores, Inc.*, 918 So. 2d 357, 359 (Fla. 1st DCA 2005). Florida courts have held that a corporate officer may owe a duty to a third party when the corporate officer had some sort of personal involvement and/or control over the incident that caused the third party its injury. *See, e.g., id.* at 358 (holding that store manager could be held personally liable for customer's injuries because he failed to carry out responsibilities that he was specifically tasked to perform).

Plaintiff alleges John Doe was the manager on duty at S&S on the date of the incident. (*See* Compl. ¶ 4). According to the Complaint, John Doe owed Plaintiff a duty to maintain the premises in a reasonably safe condition, adequately inspect the premises, and warn of dangerous conditions, including liquid, broken glass, and spilled drinks that had accumulated on the bathroom floor. (*See id.* ¶¶ 15–16). Plaintiff further alleges that John Doe breached those duties, causing his injuries. (*See id.* ¶ 16).

But the Complaint contains no factual allegations showing that John Doe was personally at fault or actively negligent. Plaintiff does not allege that John Doe was personally involved in, or exercised control over, the events giving rise to the incident. Nor does Plaintiff allege that John Doe created the hazardous condition, knew of its existence, was informed of it, or was present in the area before Plaintiff's injury occurred.

Accordingly, there is no possibility that Plaintiff can prove a cause of action of negligence—the only claim pleaded at the time of removal—against John Doe under Florida law. The amended state court complaint fails to allege facts sufficient to demonstrate that John Doe had the requisite personal involvement or control over the incident. Although Plaintiff alleges that John

Doe, "[a]s the manager on duty" failed to inspect the premises adequately, that allegation establishes, at most, general supervisory or administrative responsibility. It does not bridge the gap to the "personal involvement and/or control" required under Florida law. *White*, 918 So. 2d at 359. Absent allegations that John Doe "personally participated in the tortious conduct, he cannot be held personally liable for negligence under Florida law." *See Scipione v. Advance Stores Co., Inc.*, No. 8:12-cv-687-T-24-AEP, 2012 WL 3105199, at *4 (M.D. Fla. July 31, 2012). For this reason, Defendant has met its high burden of establishing fraudulent joinder, and John Doe's citizenship will not be considered for purposes of determining diversity jurisdiction.

## **CONCLUSION**

Where a plaintiff names a non-diverse defendant solely to defeat federal diversity jurisdiction, "a district court must ignore the presence of the non-diverse defendant and deny any motion to remand the matter back to state court." *Henderson*, 454 F.3d at 1281. In those instances, a federal court may then appropriately assert its removal diversity jurisdiction over the case. *Id.* Accordingly, it is

**ADJUDGED** that Plaintiff's Motion to Remand is DENIED. It is further

**ADJUDGED** that Defendant John Doe is DIMISSED with prejudice. It is further

**ADJUDGED** that Plaintiff's Motion for Hearing is DENIED AS MOOT. It is further

**ADJUDGED** that Defendant S&S will file an answer to the Complaint no later than **June 24, 2026**.

DONE AND ORDERED in Chambers at Miami, Florida, this ___ 3rd ___ of June, 2026.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record